## Sarah J. Barker v. James G. Thorn.

*Practice in the Circuit Court : Affidavit for attachment.* The statute allowing proceedings by attachment, which provides,— ( *Comp. Laws* § 4743 ),—that an affidavit must be annexed to the writ " stating that the defendant is indebted to the plaintiff, and specifying the amount of such indebtedness, as near as may be, over and above all legal set offs "—and,—(§ 4745 ), that the amount stated " shall exceed the sum of one hundred dollars ; " is substantially complied with by the allegation that the defendant is indebted to the plaintiff—who makes the affidavit,—in the sum of three thousand dollars " as near as can be specified by this deponent".

*Heard April 21. Decided April 26.*

BARKER *v.* THORN.

Error to Calhoun Circuit.

This suit was commenced by a writ of attachment, to which was annexed the affidavit of the plaintiff, as follows:

*STATE OF MICHIGAN, COUNTY OF CALHOUN,* ss. Sarah J. Barker, plaintiff in the writ hereunto annexed, being duly sworn, deposes and says, that James G. Thorn, the defendant therein, is indebted to the plaintiff, this deponent, in the sum of three thousand dollars, as near as can be specified by this deponent, over and above all legal set off, and that the same is due upon contract implied, and this deponent further says, that she has good reason to believe, and does believe, that the defendant, James G. Thorn, is not a resident of this State, and has not resided therein for three months immediately preceding the time of making this affidavit, June 29, 1867."

The defendant moved the Court below to set aside the writ on the ground that it was issued without any sufficient affidavit, and that the affidavit does not show with sufficient certainty, an issue certain within the jurisdiction of the Court, authorizing the issuing of the writ.

The Circuit Court granted the motion, and the plaintiff in attachment brings the record into this Court by writ of error.

*John C. Patterson,* for plaintiff in error.

The affidavit of the plaintiff complies with the requirements of the statute, and is sufficient to give the Circuit Court jurisdiction.—*Laws of 1861, 478,* § *2* ; *2 Comp. Laws, ch. 140* ; *Drake on Attachments,* § *95* ( last part ); *Hughes v. Marten, 1 Ark., 211* ; *Hughes v. Stennet, 9 Ark., 386* ; *Phelps v. Young, 1 Breese, 255* ; *Drake on Attachments,* § *87,* note, and *106.*

Where jurisdiction depends upon the amount of damages claimed, the amount mentioned in the writ or declaration governs.—*Strong v. Daniels, 3 Mich., 466* ; *Sherman v. Clark,*

*3 McLean, 91; Newton v. Danbury, 3 Conn. 553; Gordon v. Longest, 16 Peters, 104; Smets v. Williams, 4 Paige, 364.*—An affidavit for an attachment must be annexed to the writ, and the amount mentioned in the affidavit, the writ referring thereto, must govern.—*Laws of 1861, 478, § 2.*

The statute does not require that the affidavit shall state, *in hæc verba,* that the amount exceeds one hundred dollars.—*2 Comp. Laws, p. 1270, § 4745.*

The substance of the proof, that the amount exceeds one hundred dollars, is sufficient. That three thousand dollars, the whole, exceeds and is greater than one hundred dollars, one of its parts, neither requires nor admits of proof. The Circuit Court is a court of common law and general jurisdiction, and jurisdiction will be presumed until the contrary is shown.—*Greenvault v. F. & M. Bank, 2 Doug. 507, 508.*

*T. G. Pray,* for defendant in error.

The affidavit is insufficient to give the Court jurisdiction. It must, upon its face, show *a sum certain* within the jurisdiction of the Court, and affirmatively show, *prima facie,* that the affiant *has the means* of stating that sum certain "as near as may be."

It is not swearing or proving that the amount *is* so much, "as near as may be," and the question is to prove *what* the amount is "as near as may be" before it is ascertained by legal adjudication. The matter must be shown by affidavit *so that it appears, prima facie,* that the amount is set forth as near as may be.—*1 Hill, 204, 206; 3 McLean, 326; 6 Hill, 314; 20 N. Y., 354; 25 N. Y., 624; 7 Hill, 187; Lothrop et al. v. Snyder, 16 Wis., 293.*—The language of the statute is that the plaintiff, or some one in his behalf, shall make an affidavit *stating* that the defendant therein *is* indebted to the plaintiff and *specifying* the amount "as near as may be." If the amount be not over $100, the Circuit would not have jurisdiction by the Con-

stitution.—*Const.*, § *18, art. 6.*—And the writ would be expressly forbidden by the statute.—§ *4745 Comp. Laws, p. 1270.*

The proceeding by attachment is a harsh remedy, statutory in character, and is to be construed accordingly.—*2 Mich., 418; 1 Doug. 330, 350; 2 Doug. 93, 498; 3 Mich., 277, 535; 5 Mich., 98, 409; 8 Mich., 64; 10 Mich., 264, 409.*—§§ *4743 and 4745* are to be considered together, and they show plainly with what care the Legislature guarded against abuse and sought to confine parties adopting the remedy to the jurisdiction.

That the affidavit is a *jurisdictional prerequisite,* is apparent from the statute and cases cited. The *jurisdiction* is made to depend upon the *amount, and that* is to be *shown* by affidavit, before the writ can lawfully issue. The *amount* is to be *shown* "as near as it can be." This is the *end* required, and the party must see to it that the means are adequate. If the required affidavit could not be made, the plaintiff would not be legally "entitled to the benefit of the action."—*2 Mich., 329.*

The language and *object* of the statute are to be observed. The amount is to be "specified as near as may be," and *there is no qualification* in the statute and none can be imported into it.—*12 Adol. & Ellis, 468; 3 Queen's B. 920; 4 Scott, N. C., 531; 2 Adol. & Ellis, 375; 4 Scott, N. C., 188; 1 Strange, 69.*—The language is *not* that the amount is to be specified as *near* as it may be stated by any one *willing to make the affidavit,* or as near as any one may be *able* to state it, but the person who does make it must be *able* to specify it "as near as may be," and it ought to appear affirmatively on the face of the affidavit, *prima facie,* that the affiant *is* able and *does specify* the amount " as near as may be."—*1 Hill, 204, 206.*—As to the certainty required in affidavits:—*3 Caines' Rep., 105; 1 Chitty's Rep., 331; 18 E. C. L., 99.*

GRAVES, J.

In this case the only question is upon the sufficiency of an affidavit upon which an attachment issued under chapter 140 of the Compiled Laws. The Court below dismissed the writ, upon the ground, that the affidavit was fatally defective, and the plaintiff assigns this for error.

The statute allowing the proceeding by attachment provides among other things, that the plaintiff, or some one in his behalf shall " make and annex to the writ an affidavit *stating that the defendant is indebted to the plaintiff, and specifying the amount of such indebtedness as near as may be over and above all legal set offs,*" &c.—§ *4743 Com. L.*—And further *that no writ shall be issued "unless the amount stated in such affidavit"* shall *exceed* the sum of one hundred dollars.—§ *4745 Com. L.*

By a series of decisions this Court has determined that the statutory requirements respecting the affidavit must be strictly complied with.

Guided by the spirit of these decisions, by the nature of the proceeding, and the phraseology of the law, I have been led to conclude, that in order that a party may avail himself of this remedy, it must be shown affirmatively and positively on the face of the affidavit, that a sum certain above one hundred dollars, is due to the plaintiff over and above all legal set offs; and that the sense and meaning of the statute will not allow the employment of the words of the provision, or words of equivalent import. I have supposed that the paragraph requiring the affiant to specify the amount, was intended to point out the *end* to be accomplished; and not to prescribe a *formula* for the affidavit.

According to this view an affidavit in the words of the statute, or otherwise drawn with some qualification, which must leave the Court uninformed by the oath of the affiant as to his ability to state the real amount, would be defective in a jurisdictional point: the Court would neither

have a positive statement of the amount, nor any evidence, on oath, as to the circumstances covered by the qualification, or the interpretation put upon it by the affiant.

The affidavit in the present case states that the defendant is indebted to the plaintiff in the sum of three thousand dollars, " as near as can be specified by this deponent," and since the Court could not know the ability of the affiant to fix the real amount, in the absence of any showing on that subject, it has seemed to me that the qualification in the affidavit, left the proof essentially defective.

My brethren, however, think differently. They are satisfied that a construction which would make this affidavit insufficient on the ground mentioned, would conflict with the practice of the courts, and the uniform opinion of the bar, for the whole period in which the proceeding by attachment has been authorized. And they are likewise of opinion, that the affidavit substantially meets the design of the statute, and proves with reasonable certainty, for the purpose of authorizing the writ, that there was an amount exceeding one hundred dollars due from the defendant to the plaintiff, when the affidavit was made.

From this it follows that the judgment of the Court below must be reversed with costs.

The ôther Justices concurred.